UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:18CV177-GCM

| | | |
|---|---|---|
| **DONNIE THOMPSON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **ANDREW SAUL, Commissioner of Social Security,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Summary Judgment (Doc. No. 12) and Commissioner's Motion for Summary Judgment (Doc. No. 16). Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

**I.     Administrative History**

Plaintiff filed an application for disability insurance benefits on November 27, 2013, initially alleging a disability onset date of January 1, 2008. He later amended his alleged onset date to February 6, 2010. Plaintiff's claim was denied both initially and on reconsideration. Thereafter, Plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After a hearing, the ALJ issued a decision denying benefits on April 26, 2016. The Appeals Council thereafter remanded Plaintiff's case back to the ALJ. A second hearing was held on May 12, 2017. The ALJ issued a decision on August 4, 2017 once again denying benefits. The Appeals Council denied review, making the ALJ's 2017 decision the final decision

1

of the Commissioner of Social Security ("Commissioner").

Thereafter, Plaintiff timely filed this action, seeking judicial review of the ALJ's decision.

## II.     Factual Background

In his decision, the ALJ first determined that Plaintiff has not engaged in substantial gainful activity since his amended alleged onset date (Tr. 35). At the second step, the ALJ concluded that Plaintiff has the following severe impairments: Chronic obstructive pulmonary disease, lumbar spondylosis, osteoarthritis, and depression. (Tr. 36). At the third step, the ALJ found that the Plaintiff did not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. *Id*. However, in reaching this determination the ALJ did find that Plaintiff has moderate limitations with regard to concentration, persistence, or pace. (Tr. 37).

The ALJ then found that Plaintiff has residual functional capacity (RFC) to perform medium work with the following limitations:

> except [Plaintiff] is limited to frequent climbing of ramps and stairs; limited to occasional climbing of ladders, ropes and scaffolds; and unlimited balancing, stooping, kneeling, crouching, crawling. He must avoid concentrated exposure to fumes, odors, dust, gases, poor ventilation; and he must avoid concentrated exposure to hazards. In addition, he is able to receive simple, routine, repetitive tasks.

(Tr. 38). As a result, the ALJ found in the fourth step that Plaintiff is unable to perform any past relevant work. (Tr. 44). However, at the fifth step, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including sandwich maker, salvage laborer, and laundry worker. (Tr. 44-45). Accordingly, the ALJ found that Plaintiff is not disabled under the Act.

**III.    Standard of Review**

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, *Smith v. Schwieker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson*, 402 U.S. at 400. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays*, 907 F.2d at 1456.

**IV.    Discussion**

Plaintiff argues that the RFC did not account for Plaintiff's moderate limitations in concentration, persistence, and pace and that the ALJ did not perform a function-by-function analysis.

In *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit "agree[d] with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v.Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits)). "The ability to perform simple tasks differs from the ability to stay on pace. Only the later limitation would account for a claimant's limitation in concentration, persistence or pace." *Id*.

An application of *Mascio* to the record here shows that the ALJ did not adequately take into account Plaintiff's moderate limitations in concentration, persistence, and pace. Restricting

3

a claimant to a "non-production pace," "an environment that does not involve assembly line pace," or a "low production setting" would sufficiently account for limitations in pace, but no similar restriction was given here. *See, e.g.*, *White v. Colvin*, No. 3:14-cv-722, 2016 WL 1123103, at *4 (W.D.N.C. Apr. 21, 2016); *Taylor v. Colvin*, No. 3:14-cv-510, 2016 WL 1032345, at *7 (W.D.N.C. Mar. 15, 2016).

Further, even if it an ALJ's RFC is well-explained and otherwise supported by substantial evidence, a limitation to simple tasks or instructions cannot "account for a limitation in concentration, persistence or pace." *Mascio*, 780 F.3d at 638. Rather, only if the ALJ found that the concentration, persistence, or pace limitation does not affect Plaintiff's ability to work "would [it] have been appropriate to exclude it from the hypothetical tendered to the vocational expert." *Id.* Here, there is no indication that the ALJ found that Plaintiff's ability to work was not impacted by his moderate limitations in concentration, persistence, or pace.

Thus, the undersigned concludes that this matter should be remanded for a new hearing.

## V. Conclusion

The undersigned has carefully reviewed the decision of the ALJ and Appeals Council, the transcript of the proceedings, Plaintiff's motion and briefs, Commissioner's responsive pleadings, and Plaintiff's assignments of error. Because the ALJ did not properly assess Plaintiff's residual functional capacity, the case must be remanded. Accordingly, Plaintiff's Motion for Summary Judgment will be granted, the Commissioner's Motion for Summary Judgment will be denied, and the decision of the Commissioner will be vacated.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

4

(1) the decision of the Commissioner, denying the relief sought by Plaintiff, is **VACATED**;

(2) the Plaintiff's Motion for Summary Judgment (Doc. No. 12) is **GRANTED**; and

(3) the Commissioner's Motion for Summary Judgment (Doc. 16) is **DENIED**; and

(4) the matter is hereby **REMANDED** for further consideration.

Signed: January 21, 2020

Graham C. Mullen
United States District Judge